United States Courts
Southern District of Texas
F I L E D

AUG 0 2 2018

David J. Bradley
Clerk of Court

# ORIGINAL PETITION

Cause # _____

| | | |
|---|---|---|
| Larry Landgraf | * | In the Federal District Court of |
| | * | |
| vs. | * | |
| | * | The Southern District of Texas |
| The NRCS | * | Victoria Division |

## PLAINTIFF'S PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

I, Larry Landgraf, whose physical and mailing addresses are 107 River Road, Tivoli, Texas 77990, come forth to ask this court for relief from the National Resource Conservation Service (NRCS), a division of the Department of Agriculture for damages caused to me and my property, during, and in the aftermath, of Hurricane Harvey which struck the Texas Gulf Coast on August 26, 2017. The NRCS has their Texas State Office mailing address at 101 South Main Street, Temple, TX 76501.

## JURISDICTION

This court has jurisdiction in this matter since the defendant is a branch of the government of the United States. The Victoria Division is closest to the area where the damage occurred and it is preferred by the Plaintiff to hear the case due to the fact that if the case were tried in any other location, this would cause extreme hardship for Plaintiff.

## INTRODUCTION

1.) The NRCS leased property belonging to me and also property belonging to my neighbor, the Joe Hawes's estate. Part of the NRCS conservation service Plan was to remove (by contract) noxious brush from our properties. The brush relating to this lawsuit was entirely on the Hawes's property before Hurricane Harvey hit.

Trees, brush, and weeds were grubbed down with excavators and left lying there. I was under the impression the brush would be burned. The contract said the brush was to be removed. The NRCS did neither.

2.) The storm surge from Hurricane Harvey whipped this brush and debris onto my property destroying three (3) gardens and the fencing surrounding them. In addition, the flotsam from the Hawes's property destroyed most of the trees in my orchard by knocking them down and covering them with tons of debris.

3.) Water turbulence generated by the water rushing around and through piles of brush produced severe erosion in several areas of my yard. The tons of brush also obliterated my well-house, damaged my septic system, and caused miscellaneous damage throughout my property.

## SUMMARY

WHEREAS the NRCS readily agreed that the huge amount of brush deposited on my property was their fault, they contracted, at their expense (in excess of $37,000.00), to remove the brush and debris. At this point, the NRCS accepted all responsibility for the brush and the damage it caused. In the absence of said brush and debris, the damage to my property by water alone would have been minimal. I have personally witnessed every flood on my property for the past fifty-four years, two of which were worse than the flooding caused by Hurricane Harvey. There were numerous such floods and none caused more than minimal damage. Water alone does not cause damage to the likes of which I incurred directly by the brush generated by the NRCS that was whipped onto my property. I repeat, in the absence of the brush grubbed down by the NRCS, there would have been virtually no damage to my property by the water alone. The damage was caused by the negligence of the NRCS to properly dispose of the brush per contract.

WHEREAS the act of the NRCS to allow the brush grubbed up with excavators to remain in a flood zone at the beginning of hurricane season is asking for trouble and constitutes negligence by the NRCS.

WHEREAS the NRCS hired out-of-state, inexperienced, and un-professional Contractors (Phoenix Diversified, LLC who have their main office at 2209 Norman Road, Enid, OK 73703) to clear the brush, the damage to my property changed from a headache to a nightmare. The Contractors were not supervised by the NRCS. The Contractors were rude, disrespectful, and ignored my wishes, desires, instructions, and warnings, in particular, a sixteen-year-old kid who seemed to be

running the project. The lack of presence by the NRCS exacerbated the problem.

WHEREAS the NRCS refused to produce a 'certificate of insurance' for the Contractor, I can only assume the contractors were not insured. If in fact, the Contractors were not insured, the NRCS must be held accountable for the actions of the Contractor and this exhibits further negligence on the part of the NRCS.

WHEREAS the Contractors didn't get started on the clean-up until two months after Harvey, and after four months, they left having removed most of the brush, but leaving all the damage they had caused. This damage includes, but is not limited to, numerous deep ruts over much of my property, half-burned brush piles, metal debris, tons of debris intentionally deposited in my pond, unfilled craters caused by erosion, many dead bearing fruit trees, intentionally killed living trees, and they didn't replace the garden fencing destroyed by the brush.

WHEREAS the NRCS at this point (about the first of January 2018) became non-responsive and seem to have washed their hands of any further time or expense related to the damage they and their Contractors caused to my property. I had no control over the Contractor or the NRCS. Everything I told them from the beginning fell upon deaf ears. I only know that the NRCS agent for the area, Will Blackwell, was seldom around. When he was around, usually when I called him, he would only reply "I'll pass it along to my superiors." I do know that Will Blackwell did not seem to care what they had done to me or my property and I never received a response from Mr. Blackwell's superiors; only silence. They showed no remorse whatsoever for their actions or the lack thereof.

## PRAYER

1.) The NRCS has admitted through their actions that the damage was their fault and responsibility. I demand a trial by a jury of my peers and pray for this court to force the NRCS to honor their liabilities by making them pay the full cost of all the real damages to my property, for the extreme mental anguish I suffered at their hands, PLUS punitive damages for the horrendous ordeal they put me through by their gross negligence and their abandonment of their duties with respect to the damage they caused.

2.) The actual damages and cost of repairing, replacing, and returning my property to the condition it was before Harvey is estimated at $102,209.18 (see attachment A) for materials, supplies, equipment, and labor. The law allows for mental stress and punitive damages for which I am asking $408,836.72 and

$5,000,000.00 respectively, for a total of $5,511,045.90.

3.) Punitive damages in the amount of $5 million, however, shall not be made payable to Plaintiff. This amount shall be set aside to be used to fund and set up a legal defense office in Victoria, Texas for the purpose of helping local citizens pursue legal actions against agencies of the United States government in cases similar to mine. I ask this court to grant the full amount of these damages, PLUS all court costs, attorney's fees, and any other amounts which the NRCS may prove to be liable.

Respectfully submitted, 8-2-18

Larry A. Landgraf
Citizen