UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| LARRY LANDGRAF, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 6:18-CV-0061 |
| | § | |
| NATIONAL RESOURCE | § | |
| CONSERVATION SERVICE, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM AND ORDER**

Before the Court is the defendant's, United States of America, motion to dismiss the named defendant, the National Resource Conservation Service ("NRCS") [DE 13] as a party, and the plaintiff's, Larry Landgraf, response [DE 14]. After a review of the documents on file, a telephonic conference and an examination of the applicable law, the Court concludes that the motion to dismiss should be granted.

**I.**

The plaintiff filed suit against the NRCS contending that it contracted with a third party to conduct mechanical brush control on certain properties near the plaintiff's property. The treatment applied required the contractor to "grub" to a depth of 14 inches below the surface and uproot any trees below the "bud zone". The work specified was completed. However, the brush, plants and extracted trees

were left in place on the land. On or about August 25, 2017, Hurricane Harvey made landfall near the plaintiff's property and with high wind speeds, pushed the debris from the host property onto the plaintiff's property causing, according to the plaintiff, substantial damage. A later removal of the debris did not satisfy the plaintiff and this lawsuit followed.

## II.

It is undisputed that the United States, and not any of its agencies or employees, is the appropriate party defendant in a suit brought pursuant to the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 1346(b). Specifically, § 1346, entitled "United States as defendant," provides that the FTCA confers upon the district courts "exclusive jurisdiction of civil actions on claims *against the United States*, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant." 28 U.S.C. § 1346(b) (emphasis added).

The FTCA further provides that "[t]he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under [this tort claims provision]." 28 U.S.C. § 2679(a) (1982). Rather, a suit against the United States is the

exclusive remedy for tort claims arising from the negligent or wrongful actions of government agencies and/or their employees brought pursuant to the FTCA. *Id.*

Against this statutory background, the Fifth Circuit has held that a federal agency cannot be sued *eo nomine* under the FTCA. *See Galvin v. Occupational Safety & Health Admin.*, 860 F. 2d 181, 183 (5th Cir. 1988). Therefore, any suit commenced against a federal agency, and/or any subdivision thereof, must be dismissed for lack of jurisdiction. *Id.*

In this case, the NRCS is an agency of the United States Department of Agriculture and is not a juridical person, since it is neither an individual nor a corporation. *See United States Dep't of Agric. v. Hunter*, 171 F.2d 793, 794 (5th Cir. 1949) (citing *United States Dep't of Agric. v. Remund*, 330 U.S. 539, 541, 67 S. Ct. 891, 91 L. Ed. 1082 (1947)). In fact, it is a governmental agency, "not empowered to sue, or to be sued in evasion of sovereign immunity." *Id.* In other words, the United States is the sole proper defendant under the FTCA—not any of its agencies or subdivisions thereof.

The Court is further of the opinion that were the United States properly listed as the defendant, the plaintiff, nevertheless, would not be able to recover. In order for the plaintiff to maintain a suit against the United States, he must assert a "basis for the Court's jurisdiction and a specific statute containing a waiver" of governmental immunity. *See Swift v. U. S. Border Patrol*, 578 F. Supp. 35, 37

(S.D. Tex. 1983), aff'd 731 F.2d 886 (5th Cir. 1984). The plaintiff's pleadings fail in both respects.

Federal Rules of Civil Procedure, Rule 12(b)(1) mandates dismissal of a case where the Court lacks jurisdiction. While the United States has waived immunity when a claim arises under the Federal Torts Claim Act for loss of property, that Act does not apply here. The alleged negligence asserted against the United States arises from conduct of a third party aided by an "act of God". It was the storm surge from Harvey that pushed the debris from the Hawes' property onto the plaintiff's property. *See McWilliams v. Masterson,* 112 S.W. 3d 314, 320 (Tex. App.—Amarillo, 2003, *pet. Denied*).

Because the United States was not the party that caused or participated in the removal of the debris onto the plaintiff's property, the FTCA waiver of immunity is inapplicable and the Court lacks subject matter jurisdiction. Therefore, the United States' motion to dismiss the plaintiff's suit is granted.

It is so Ordered.

SIGNED on this 9th day of April, 2019.

_____
Kenneth M. Hoyt
United States District Judge